I favor affirmance of the order of the Special Term.

All concurred, except WOODWARD and COCHRANE, JJ., who dissented.

Order affirmed, with ten dollars costs and disbursements.

---

SIMON MARCH, Respondent, v. LEHIGH AND WILKESBARRE COAL COMPANY, Appellant.

Second Department, June 16, 1916.

New trial — newly-discovered evidence — second motion for new trial — affidavit of corroborating witness that he gave false testimony.

Where a defendant against which a judgment has been rendered in an action for negligence has moved for a new trial upon the ground of newly-discovered evidence to the effect that the plaintiff swore falsely concerning material matters on the trial of the action, but without questioning the testimony of another witness who corroborated the testimony of the plaintiff and without inquiry or investigation of the testimony of said corroborating witness, and the motion has been denied, a second motion for a new trial, made upon the ground that the defendant has subsequently obtained from the corroborating witness an affidavit that his testimony at trial was false, will be denied for laches.

A new trial will not be granted simply to enable a party to discredit his adversary's witnesses, and this rule applies whether the witness is to be discredited by his own confession or by the averment of others.

Moving affidavits examined, and *held*, insufficient to warrant a new trial upon the ground of newly-discovered evidence in that there was no showing of fraud practiced upon the court, or upon the defendant, by the plaintiff or his attorney or agents in procuring the corroborating witness to give false testimony.

JENKS, P. J., and CARR, J., dissented.

APPEAL by the defendant, Lehigh and Wilkesbarre Coal Company, from an order of the Supreme Court, made at the Queens County Special Term, denying its motion for a new trial on the ground of newly-discovered evidence.

Second Department, June, 1916.   [Vol. 175.

*Robert Thorne* and *Gomer H. Rees*, for the appellant.

*William Rasquin, Jr.*, for the respondent.

Order affirmed, with costs, on the opinion of Mr. Justice Garretson at Special Term.

Stapleton, Rich and Putnam, JJ., concurred; Jenks, P. J., and Carr, J., dissented, upon the authority of *Shanahan* v. *Feltman* (154 App. Div. 809).

The following is the opinion of Garretson, J.:

Garretson, J.:

After the trial of this action, upon which the plaintiff obtained a substantial verdict and a judgment as compensation for personal injuries, the defendant appealed from the judgment and an order denying a motion for a new trial made upon the minutes. Pending such appeal it made a motion for a new trial upon the ground of newly-discovered evidence. The affidavits setting forth the alleged newly-discovered evidence were directed mainly to sustain the defendant's contention that the plaintiff, who was a witness in his own behalf, swore falsely concerning matters material to the proof of his case. Plaintiff's corroborating witness was one Harry Lowe, the verity of whose testimony was not then questioned. The motion last referred to was denied, and the defendant appealed from the order entered thereon also. The judgment and order and the order denying the motion for a new trial upon the ground of newly-discovered evidence were affirmed by the Appellate Division on December 10, 1915. (172 App. Div. 970.)

The defendant again moves for a new trial on the ground of newly-discovered evidence, alleging that the said corroborating witness has voluntarily recanted and seeks to right the wrong which he has done to the defendant, in that he testified falsely and perjuriously upon the trial in quite every material respect One Edward Griffith, residing at Kingston, Penn., deposes hereon that he is the chief clerk and manager of the defendant company, and it is part of his duty to investigate all causes of accidents which occur in the mines of the defendant in that locality; that it thus became a part of his duty to investigate the facts connected with the accident to Simon March, the plaintiff,

which he did; that immediately after he learned that the judgment and order denying defendant's motion for a new trial on the ground of newly-discovered evidence in the above action had been affirmed, he at once set out to locate Harry Lowe, who had testified for the plaintiff; that the reason that he tried to find said Harry Lowe was that he was confident that Lowe's testimony at the trial was false in the essential facts and he felt that the said Harry Lowe was not the kind of a fellow who would deliberately lie, and that by talking to him he might be able to persuade Lowe to make an affidavit as to the fact. The foregoing recitals are practically in the language used by Griffith in so much of his affidavit, changed only from the first to the third person. Thereupon he found Lowe and, as the affiant further says, " explained my business and persuaded said Harry Lowe to go with me to Philadelphia, where we could have a quiet place to talk over the case." On the journey to and at Philadelphia they talked over the case, and, to use the words of the affiant, " Lowe told me how the accident happened, practically as he has sworn to in the annexed affidavit." In " the annexed affidavit " Lowe generally and particularly says that his testimony given on the trial was false. Lowe avers that the affidavit is not the result of threats, coercion or the promise or hope of reward; that he realizes that in testifying falsely he did wrong, and that he is now telling the truth as his free act, to undo, if possible, the wrong which he has done.

It would seem that, after having failed to secure a new trial by an attempt to discredit the plaintiff, the defendant's agents now seek to accomplish the same result by discrediting the plaintiff's corroborating witness. It is hardly conceivable that the defendant's representatives and agents, when they made the first motion on the ground that the plaintiff had sworn falsely, did not then question the truthfulness of the testimony of Lowe; yet Mr. Griffith, who was active in procuring affidavits to be used on the first motion for a new trial on the ground of newly-discovered evidence, did not " set out to locate Harry Lowe " until " immediately after I learned that the judgment and order denying defendant's motion for a new trial on the ground of newly-discovered evidence was affirmed." It is indeed a part of his affidavit: "The first time I heard that

Harry Lowe had testified falsely and was willing to make an affidavit to that effect was on January 25, 1916." If the defendant's agents were confident that the plaintiff testified falsely a year ago, it is passing strange that Lowe was not then under suspicion also. Harry Lowe might then well have been the subject of inquiry and investigation; but, while he may or may not have been, it was not until January 25, 1916, that it was discovered that he was "willing to make an affidavit" that he testified falsely upon the trial. The foregoing considerations show laches on the part of the defendant in making this motion.

There is no claim or even a suggestion that the witness Lowe was suborned to testify on the trial. For aught that appears, he gave his evidence as voluntarily and uninfluenced as he is said to have made his affidavit submitted on this motion. I think the court is not required to decide whether Lowe told the truth on the trial or not. It is assumed that the jury believed that he did. When his affidavit was made he certainly was not truthful, and for that reason it cannot be properly accepted as evidence that the statements made by him upon the trial were false. (*People ex rel. Stemmler* v. *McGuire*, 2 Hun, 269, 271; *Sims* v. *Sims*, 12 id. 231, 235, 236.) A new trial will not be granted simply to enable a party to discredit his adversary's witnesses; and this rule applies, whether the witness is to be discredited by his own confession or by the averments of others.

There is no claim or showing of fraud practiced upon the court or upon the defendant by the plaintiff, his attorney, counsel or agents in the procurement of the witness Lowe to testify, or in the giving of his testimony on the trial. Nothing was paid or promised to him as a consideration or reward for so doing. Each party to the action has at times agreed to pay and has paid the witness' traveling expenses, board bill and lost wages, as his or its agents have severally been in intercourse with him, either before, at or since the trial. There is no proof of procurement by the plaintiff or by any one representing him that the witness should perjuriously promote the plaintiff's cause of action. Lowe himself says nothing more than that he did a wrong to the defendant by falsely testifying, and voluntarily desires to right the wrong, and this in duty

and good conscience, when a year after the trial he is sought out and interviewed by the defendant's agent, Mr. Griffiths. For aught that appears, this witness has not been influenced by money or promises of favor or reward at any time by either party to the action, or by a representative of either party.

I am of the opinion that the defendant has failed to show facts which entitle it under well-settled rules to have the judgment in the action set aside and a new trial granted upon the ground of newly-discovered evidence. The case of *Shanahan* v. *Feltman* (154 App. Div. 809), cited by counsel for the defendant, differs widely on the facts from the case at bar, and is not controlling.

The motion should be denied, with costs.